UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| WILLIAM D. MORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV411-309 |
| | ) | |
| C. JAMES McCALLAR, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This civil case, filed in an Ohio federal court by *pro se* inmate William D. Morris but transferred here, doc. 58, finds its origins in this Court:

> On April 12, 2006, a federal grand jury indicted Morris on eight counts of wire fraud, four counts of mail fraud, and seven counts of bank fraud. Morris was in the business of selling trailers to companies throughout the United States, and all of the charges arose from his business dealings. Morris entered a negotiated plea of guilty to one count of mail fraud and one count of bank fraud, counts 1 and 19 of the indictment. On November 7, 2006, Morris was sentenced to eighty-four months' imprisonment as to each count, to be served concurrently. He was also sentenced to three years' supervised release under count 1 and five years' supervised release under count 19, to be served concurrently. Finally, he was ordered to pay $970,937.06 in restitution. . . . On May 23, 2007, the Eleventh Circuit affirmed his conviction and sentence. *United States v. Morris*, 228 F. App'x 906 (11th Cir. 2007).

*Morris v. United States*, CR406-124, doc. 70 at 1-2, 2008 WL 2901681 at *

1 (S.D. Ga. Jul. 28, 2008). This Court denied him post-conviction relief, CR406-124, doc. 74, and ultimately barred him from filing any more motions because he became an abusive filer. *Id.*, doc. 247, *reported at* 2010 WL 1279503, *as modified*, doc. 248. Morris, among other things, had faulted his trial counsel "for failing to argue at trial or on appeal that he suffered from bipolar disorder." 2008 WL 2901681 at * 5.

Morris then filed cases in South Carolina, Texas (he is incarcerated there), Ohio, and Mississippi, including a bankruptcy court. Doc. 60 at 13-14. His dog would not hunt in any of them. *Id.* He is trying to make it hunt in this legal malpractice, partnership breach (etc.) case against attorney C. James McCallar, Jr.,[1] who, invoking Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(i)&(ii), moves to dismiss for lack of federal question and diversity jurisdiction, if not for failure to state a claim.[2] Doc. 60, *as amended*, doc. 64. Morris has filed no opposition

---

[1] The record shows that Morris named McCallar along with several other defendants, but McCallar remains the only served defendant left. *See* doc. 54 (prior ruling).

[2] This Court thus views

> the factual allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010). We do not, however, accept as true "unwarranted

brief,[3] so the motion is unopposed under Local Rule 7.5 ("Failure to respond within the applicable time period shall indicate that there is no opposition to a motion.").

Morris has filed, however, several motions of his own, and the Court will reach them first. Docs. 61, 62 & 63. It **DENIES** as facially frivolous Morris' Motion to Dismiss, which is based on plaintiff's "objection" to the transfer because, he reasons, every judge of this District

---

deductions of fact" or legal conclusions. *Sinaltrainal v. Coca–Cola Co.*, 578 F.3d 1252, 1260 (11th Cir.2009). Moreover, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Stating a plausible claim for relief requires pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. The mere possibility that the defendant may have acted unlawfully is not sufficient to allow a claim to survive a motion to dismiss. *Id.*

*Henry v. Jones*, 2012 WL 1003649 at * 1 (11th Cir. Mar. 27, 2012).

[3] He filed a document titled "Plaintiff's Motion and Objections" in which he seeks to dismiss this case so he can re-file it elsewhere. Doc. 63 at 1. He then wrote: "Morris also objects to McCallar's 'Motion to Dismiss and Memo of Law' in its entirety." *Id.* He said nothing further. Because he has supplied no reasoning, argument, or citation of precedent in opposition to the motion, he has abandoned his opposition to the motion, and that's tantamount to not opposing a motion under Local Rule 7.5. *Cf. Oshodi v. Lockheed Martin Corp.*, 452 F. App'x 889, 890 (11th Cir. 2012) ("Oshodi has abandoned all of his claims on appeal by failing to offer any legal arguments in support of his position."); *Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n. 6 (11th Cir. 1989) (finding that an issue was waived where the appellant "elaborate[d] no arguments on the merits as to this issue in its initial ... brief"); *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (a *pro se* litigant who offers no substantive argument on an issue in his brief abandons the issue on appeal).

will be a member of at least the same bar (if not some other organization) as McCallar, an attorney. Doc. 61. It likewise **DENIES** his Motion to Transfer, doc. 62, which essentially cites the same basis in his quest to return this case to Ohio. Finally, in his "Motion to Dismiss," doc. 63, Morris in substance invokes Fed. R. Civ. P. 41(a)(2) to dismiss his own case without prejudice to his right to sue "the McCallar Defendants in another Court." *Id.* at 1; *see also* doc. 66 (McCallar does not consent). That (doc. 63) also is **DENIED**, and the Court notes that there is only one defendant here [4] -- McCallar, whose showing that Morris is a fellow-resident (domiciled in Georgia, though incarcerated in Texas),[5]

---

4   McCallar's law firm, McCallar properly points out (doc. 60 at 8), is not an entity capable of being sued, *see Johnson v. Georgia*, 2007 WL 601619 at *2 (M.D. Ga. Feb. 16, 2007) (criteria for Fed. R. Civ. P. 17 capacity), and the only other defendant not terminated by the Ohio court is "William D Morris, a Georgia General Partnership." Doc. 7 at 1; docs. 25 & 54. However, McCallar denies it exists and says it is a sheer fabrication by Morris. Doc. 60 at 8, 16. By operation of Local Rule 7.5, Morris does not dispute this, much less cite to supporting evidence or the possibility of obtaining some through discovery. And fictional entities, of course, cannot satisfy Fed. R. Civ. P. 17(b) (all named parties must possess the capability of suing and being sued).

5   As another court explained:

> "For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile." *Smith v. Cummings*, 445 F.3d 1254, 1259–60 (10th Cir.2006). And, "[b]ecause domicile is a voluntary status, a prisoner is presumed to be a citizen of the state of which he was a citizen before his incarceration, even if he is subsequently incarcerated in another state." *Id.* at 1260.

raising only state law claims is now unrebutted, which means this Court lacks diversity jurisdiction, and its federal-question jurisdiction has evaporated.[6]

In this situation -- where the federal claims have dropped out -- a federal court must exercise its discretion whether to retain supplemental jurisdiction to reach remaining state law claims. Given the state of this case (no discovery, dismissal at pleadings stage), the law tilts the Court against doing so. *See Jordan v. Mosley*, 2007 WL 3102165 at *2 (S.D. Ga. Oct. 22, 2007). Defendant thus is entitled to dismissal without prejudice on those (jurisdictional) grounds.[7]

---

*Green v. Corrections Corp. of America*, 401 F. App'x. 371, 377 n. 7 (10th Cir. 2010); accord *Hall v. Curran*, 599 F.3d 70, 72 (1st Cir. 2010). McCallar has made this showing (doc. 60 at 5-7) and, like the rest of his motion, Morris has not opposed it.

[6] McCallar correctly points out that, in filing his Amended Complaint in *toto* and not reincorporating his original, 42 U.S.C. § 1983 claims, Morris has abandoned them. Doc. 60 at 3-4; *see also Ferdinand v. City of Midway*, 2010 WL 4705093 at * 1 (S.D. Ga. Oct. 20, 2010) (same result where plaintiff amended complaint and omitted two defendants; she was presumed to have abandoned her claims against them).

The Court also agrees with McCallar (doc. 60 at 4-5) that Morris's attempt to preserve a federal question by citing "RICO" damages in his Complaint's Prayer For Relief, doc. 7 at 10 (claiming for 2004-2005 matters), fails because they are barred by the four-year statute of limitations. *Rotella v. Wood*, 528 U.S. 549, 552-53 (2000).

[7] McCallar also has shown that all of Morris's claims are time-barred, doc. 60 at 7-8 (showing each claim and demonstrating that they are stale under the corresponding

Accordingly, the Court **DENIES** all of plaintiff's motions. Docs. 61, 62 & 63. In addition, defendant's dismissal motion, doc. 60, should be **GRANTED** and this case should be **DISMISSED**. Finally, the above caption has been amended to show that C. James McCallar, Jr. is the only remaining defendant before this Court. The Clerk shall amend the docket accordingly, and all subsequent filings shall conform.

**SO REPORTED AND RECOMMENDED** this __30th__ day of July, 2012.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

Georgia limitations statute), if not frivolous within the meaning of § 1915(e)(2)(B)(i)&(ii) (McCallar has shown that Morris has simply plied a series of factually unsupported, conclusory assertions aimed at making McCallar pay the above-noted restitution obligations, doc. 60 at 16-18). Hence, he would otherwise be entitled to dismissal with prejudice.